RE: PRIOR MILITARY SERVICE CREDIT FOR MILITARY RETIREES
THE;ATTORNEY GENERAL HAS ASKED THAT I RESPOND TO YOUR REQUEST FOR AN OPINION ON THE EFFECT OF 72 O.S. 67.13(A) (1981). BECAUSE 72 O.S. 67.13A AND THE RELEVANT RELATED STATUTES ARE PLAIN IN THEIR MEANING AND BECAUSE NO ISSUES OF A CONSTITUTIONAL NATURE ARE INVOLVED, THE ISSUANCE OF A FORMAL OPINION OF THE ATTORNEY GENERAL IS NEITHER REQUIRED NOR APPROPRIATE.
AS THE AUGUST 3RD LETTER FROM REX PRIVETT AT THE OKLAHOMA PUBLIC EMPLOYEES' RETIREMENT SYSTEM (OPERS) EXPLAINS, THE STATUTES IN THIS AREA ARE CLEAR IN THEIR MEANING AND ARE INTENDED TO BE APPLIED TO ANYONE IN MR. KUDER'S SITUATION, THAT IS, THESE STATUTES WILL APPLY AND SERVICE CREDIT WILL BE DENIED TO
"ANY PERSON RECEIVING MILITARY RETIREMENT BENEFITS OTHER THAN SERVICE-CONNECTED DISABILITY BENEFITS . . ." 74 O.S. 913(1)(D) (1981) AND 72 O.S. 67.13(A) (1981).
THE INTENT OF THE LEGISLATURE IN DEFINING WAR VETERANS FOR THE PURPOSE OF STATE RETIREMENT SYSTEMS APPARENTLY WAS TO PROVIDE SERVICE CREDIT FOR THOSE WHO MET THE REQUIREMENTS AND WHOSE TENURE IN THE MILITARY HAD NOT ALREADY YIELDED RETIREMENT BENEFITS. MILITARY RETIREES ALREADY RECEIVING MILITARY RETIREMENT BENEFITS FALL OUTSIDE THIS CATEGORY, BECAUSE THEIR MILITARY TENURE HAS ALREADY YIELDED RETIREMENT BENEFITS.
(NED BASTOW)